[Cite as *In re Estate of Heider*, 2010-Ohio-4820.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

IN THE MATTER OF:

       CASE NO. 2-10-14

    THE ESTATE OF
    MATTHEW JAMES HEIDER,
    DECEASED,

[CYNTHIA SUE HEIDER –         O P I N I O N
    APPELLANT].


Appeal from Auglaize County Common Pleas Court
Probate Division
Trial Court No. 2008 EST 96

Judgment Reversed and Cause Remanded

Date of Decision: October 4, 2010


APPEARANCES:

    *John C. Huffman* for Appellant

    *Martin W. Williams* for Appellee

**SHAW, J.**

{¶1} Appellant, Cynthia Sue Heider, ("Cynthia") as the Administrator of the Estate of Matthew James Heider ("the Estate"), appeals the February 8, 2010 judgment of the Auglaize County Court of Common Pleas, Probate Division, vacating the Certificate of Transfer which permitted certain real estate to be transferred from the Estate and ordering the real estate to be placed back into the Estate.

{¶2} On November 14, 2006, Matthew James Heider ("Heider") was involved in a fatal automobile accident when the car he was driving collided with a fuel tanker driven by Ronald Funk ("Funk"). Heider, a resident of Auglaize County, died in the accident. Heider died intestate, leaving behind a wife and eight minor children. Funk survived, but was injured as a result of the accident.

{¶3} On May 11, 2007, Funk's attorney sent a letter to Cynthia, Heider's widow, which served as a presentment of Funk's claim against the Estate for the injuries Funk sustained in the accident. At this time, the Estate had yet to be opened and thus, there was no one appointed to serve as the administrator of the Estate. The parties' stipulated that Cynthia received this letter by May 13, 2007.

{¶4} On April 25, 2008, almost a year and a half after Heider died, Cynthia filed an "Application for Authority to Administer" her husband's estate.

On April 30, 2008, the Probate Court approved Cynthia's application and appointed her as the administrator of the Estate.

{¶5} On November 25, 2008, Cynthia, in her capacity as administrator, filed with the Probate Court an inventory of the assets contained the Estate. The only asset listed as part of the Estate was Heider's one-half interest in a residential property located at 3072 Hume Road, Lima, Ohio. The appraised value of Heider's one-half interest in this real estate was $437,500. On the same day, Cynthia also filed an "Application for Certificate of Transfer" requesting that Heider's interest in the Hume Road property be transferred from the Estate. On this application, Cynthia indicated that "sufficient other assets are in hand to pay decedent's known debts."

{¶6} On December 2, 2008, the Probate Court approved Heider's interest in the Hume Road property to be transferred out of the Estate. On January 28, 2009, Cynthia filed an accounting for the Estate with the Probate Court reflecting that Heider's interest in the Hume Road property had been transferred to Cynthia, as Heider's surviving spouse and beneficiary of his Estate. No assets remained in the Estate as a result of this transfer. On the same day, Cynthia filed a notice to

the Probate Court that the Estate must remain open because it was a party to a pending lawsuit.[1]

{¶7} On October 16, 2009, Funk filed a "Motion to Transfer Back as an Asset of the Estate the Decedent's One-Half Interest in Real Property." Funk argued that at the time Cynthia requested Heider's interest in the Hume Road property be transferred from the Estate, she was fully aware that Funk presented a claim against the Estate via the May 11, 2007 letter and, therefore, she erroneously asserted that other assets in the Estate would be available to satisfy known claims against the Estate. On October 27, 2009, Cynthia filed her response to Funk's motion regarding the transfer of the Hume Road property arguing that Funk's claim as a creditor was barred by the statute of limitations contained in R.C. 2117.06.

{¶8} On February 8, 2010, the Probate Court ruled on Funk's motion. The Probate Court concluded the following in its Judgment Entry:

> **Sec. 2117.06 Ohio Revised Code appears to be a statute that puts creditors on notice that their claims should be made in a timely fashion after the decedent's death so that they can be allowed or disallowed and so that the fiduciary of the estate may transfer assets to beneficiaries or to third parties without later becoming aware of claims that were unknown. Using that frame of reference as a backdrop, it would appear to the Court that the fact that Mrs. Heider was not yet appointed Administratrix at the time she received the claim against the estate, is of no import.**

---

[1] The pending lawsuit was case number CV2007 0205, *Cynthia Sue Heider et al. v. Siemens, AG, et al.* This civil action was brought by Cynthia against a number of parties regarding the determination of liability for the accident which caused Heider's death.

-4-

> **At the time she was appointed Administratrix she knew full well that a claim was being made and a law suit** *[sic]* **or law suits** *[sic]* **were imminent. To allow otherwise, would be to allow and** *[sic]* **Administrator or other Fiduciary of an Estate to control the timing of creditors** *[sic]* **claims simply by delaying their appointment as Fiduciary. While it is true that a creditor could open an estate, [the] same is impractical due to the creditor's lack of knowledge of property that may be owned by the Decedent or whether or not a Will exists. To place such a burden on a creditor would be inappropriate.**

(Judgment Entry, Feb. 8, 2010, at 2)

{¶9}   Based on the reasoning above, the Probate Court entered an order vacating the Certificate of Transfer issued on December 2, 2008, which permitted Cynthia to transfer Heider's interest in the Hume Road property out of the Estate. The Probate Court further ordered that Cynthia file an accounting showing that Heider's interest in the Hume Road property had been transferred back into the Estate. Cynthia subsequently filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR I

**THE PROBATE COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE APPELLEE'S LETTER DATED MAY 11, 2007, TO CYNTHIA HEIDER PRESENTED A VALID CLAIM AGAINST THE ESTATE OF MATTHEW JAMES HEIDER, DECEASED.**

## ASSIGNMENT OF ERROR II

**THE PROBATE COURT ERRED BY FINDING THAT THE FORM OF THE CREDITOR'S LETTER WAS IN SUBSTANTIAL COMPLIANCE WITH THE STATUTORY**

**REQUIREMENTS FOR THE PRESENTATION OF CLAIMS AGAINST AN ESTATE.**

**ASSIGNMENT OF ERROR III**

**THE PROBATE COURT ABUSED ITS DISCRETION BY VACATING THE CERTIFICATE OF TRANSFER.**

*First Assignment of Error*

{¶10} The primary question presented by Cynthia's first assignment of error is whether Funk's May 11, 2007 letter to Cynthia constituted a valid presentment of a creditor's claim pursuant to R.C. 2117.06. Section 2117.06 of the Ohio Revised Code provides, in relevant part:

> **(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:**
>
> **(1)  After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:**
>
> **(a)  To the executor or administrator in a writing;**
>
> **(b)  To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;**
>
> **(c)  In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually received by the executor or administrator only if the person charged with the primary**

**responsibility of administering the estate of the decedent actually receives the writing within the appropriate time specified in division (B) of this section.**

**\* \* \***

**(B)     Except as provided in section 2117.061 of the Revised Code,** *all claims shall be presented within six months after the death of the decedent,* <u>*whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period.*</u> **Every claim presented shall set forth the claimant's address.**

**(C)     Except as provided in section 2117.061 of the Revised Code,** *a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties,* **including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims.**

R.C. 2117.06.  (Emphasis added).

{¶11} It is undisputed by the parties that Cynthia received Funk's letter within the six-month statute of limitations specified in R.C. 2117.06(B) and (C). However, Cynthia contends that Funk's letter fails as a valid presentment of his claim because she was not appointed as the administrator of the Estate at the time she received Funk's letter.  Specifically, Cynthia argues that R.C. 2117.06(A) required Funk to present his claim to the Estate's administrator within six-months after Heider's death.  Notably, however, Cynthia did not take the necessary steps to open the Estate and be appointed the administrator until year and a half after Heider's death.  Thus, there was no administrator appointed to whom Funk could

present his claim within the six-month statute of limitations. Nevertheless, Cindy maintains because Funk did not timely present his claim to the administrator of the Estate, his claim is now time barred.

{¶12} Funk, for his part, contends that R.C. 2117.06 contains conflicting statutory provisions which do not clearly contemplate the result argued by Cynthia that Funk's attempt to present his claim fails because Cynthia was not yet the administrator at the time she received the notice of his claim. Funk directs our review to R.C. 2117.06(B) which states, in part:

> **[A]ll claims shall be presented within six months after the death of the decedent,** *whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period.*

In reviewing this language, we note that the statute appears to simply emphasize the six-month statute of limitations rather than affirming Cynthia's assertion that the claim must be presented *to the administrator* within six-months of the decedent's death. Funk further argues that regardless of when she was appointed, Cynthia, as Heider's surviving spouse, was the first in line to be appointed administrator of the Estate and, therefore, the logical person to present his claim to in the absence of an administrator being appointed. See R.C. 2113.06(A).

{¶13} The Probate Court also found the fact that Cynthia was not appointed administrator at the time she received Funk's letter was "of no import." (Judgment Entry, Feb. 8, 2010, at 2). Rather, the Probate Court noted in its

Judgment Entry that the purpose of R.C. 2117.06 is to put both creditors and the Estate on notice that claims need to be filed in a timely manner in order to facilitate the settling of the Estate in a reasonable amount of time. The Probate Court found it more significant that Cynthia was notified of Funk's claim within the six-month statute of limitations and, therefore, she had actual knowledge of Funk's claim at the time she effectuated the transfer of the sole asset in the Estate. The Probate Court further noted that at the time Cynthia made this transfer she also affirmatively represented to the court that there remained assets in the Estate to satisfy known claims against the Estate. It was based on these facts, that the Probate Court made its decision to vacate the Certificate of Transfer and order that Heider's interest in the Hume Road Property be placed back into the Estate.

{¶14} Even though we find the reasoning of the Probate Court to be persuasive in this instance, and believe the Probate Court should retain some discretion to address matters in which it suspects a party may be abusing the Probate Procedure, we are compelled by the *Doctrine of Stare Decisis* to conclude otherwise.

{¶15} The Supreme Court of Ohio specifically ruled on this issue in *Winkle v. Trabert* (1963), 174 Ohio St. 233, 188 N.E.2d 587. The *Winkle* Court held that *"[w]here one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator*

-9-

*against whom he can proceed."* *Id.* at 237-38. (Emphasis Added). As the basis

for its decision, the *Wrinkle* Court relied on R.C. 2113.06 which states:

> **Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:**
>
> **(A) To the surviving spouse of the deceased, if resident of the state;**
>
> **(B) To one of the next of kin of the deceased, resident of the state.**
>
> **If the persons entitled to administer the estate fail to take or renounce administration voluntarily, they shall be cited by the probate court for that purpose.**
>
> **If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost, and the court shall commit the administration to some suitable person who is a resident of the state, or to the attorney general or the attorney general's designee, if the department of job and family services is seeking to recover medical assistance from the deceased pursuant to section 5111.11 or 5111.111 of the Revised Code. *Such person may be a creditor of the estate.***

{¶16} The *Winkle* Court further reasoned that "[u]nder section 2113.06,

Revised Code, [a creditor has] the power to secure the appointment of an

administrator within the statutory period of limitations. * * * If such a party fails

through lack of diligence to procure such appointment within time to properly urge

his claim, * * * the law should not come to his aid." *Winkle*, 174 Ohio St. at 236-

37.

**{¶17}** The ruling in *Winkle v. Trabert* has been thoroughly analyzed and upheld in recent appellate court decisions. See *Reid v. Premier Health Care Serv. Inc.* (Mar. 19, 1999), Montgomery App. No. 17437; see, also, *In re Estate of Richard E. Curry*, 10th Dist. No. 09-AP-469, 2009-Ohio-6571. The facts involved in *In re Estate of Richard Curry* substantially mirror the facts in the present case. There, the creditor sent a "Statement of Claim" to the decedent's widow within six-months of the decedent's death. *Id.* at ¶3. As in the present case, there was no administrator appointed until after the six-month statute of limitations expired. *Id.* Even though the surviving spouse was eventually appointed the administrator of the Curry Estate, it was not until nearly ten months after the decedent's death— four months outside the statute of limitations. *Id.* at ¶4.

**{¶18}** The creditor in *Curry* presented the same arguments as Funk to circumvent the result that its claims were time barred. *Id.* at ¶12. The *Curry* Court noted that it found the creditor's "contentions at first blush are persuasive," but ultimately relied on the ruling in *Winkle* and reaffirmed the principle that the onus is on the creditor to appoint an administrator within the six-month statute of limitations if no administrator had been appointed. *Id.* at ¶11. The *Curry* Court concluded that the creditor's "claim is forever time barred *because it did not present it to the administrator within six-months of the decedent's death.*" *Id.* at ¶ 16. (Emphasis added).

{¶19} Notwithstanding our own reservations, we must conclude that the rulings by the *Winkle* and *Curry* Courts appear to govern the circumstances of the case before us. Therefore, we must hold that when it became evident to Funk that an administrator had not yet been appointed to receive his claim against the Estate, it was "incumbent upon him" to secure an administrator to whom he could serve his claim within the six-month statutory time frame. Because Funk failed to do so, his claim is now time barred under R.C. 2117.06. Accordingly, Cynthia's first assignment of error is sustained.

{¶20} In light of our decision as to Cynthia's first assignment of error, her remaining two assignments of error are rendered moot and thereby overruled. For all these reasons, the judgment of the Auglaize County Court of Common Pleas, Probate Division, is reversed and this cause is remanded for further consideration consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**